# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN E. JENSEN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1201** (BOR Appeal No. 2047179)
                    (Claim No. 2009083203)

**INTERNATIONAL COAL GROUP, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John E. Jensen, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. International Coal Group, Inc., by George E. Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 12, 2012, in which the Board affirmed an April 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 11, 2011, decision which denied a request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jensen, a coal miner, injured his lower back picking up a cinder block on February 11, 2009. His claim was held compensable for lumbar sprain/strain. A lumbar spine MRI taken the day after the injury showed degenerative changes at L4-5 and L5-S1. It also revealed a disc bulge at those levels and possible descending left L5 nerve root impingement. Mr. Jensen underwent physical therapy and was released to return to work on May 21, 2009. An independent medical evaluation was performed in August of 2009. In his report, Joseph Grady, M.D., stated that Mr. Jensen did not have any complaints of lower back pain and denied any

1

lower back symptoms. He diagnosed a resolved lumbar sprain and assessed 0% impairment. The claim was closed for temporary total disability benefits on June 8, 2009.

In September of 2011, Mr. Jensen began experiencing back pain that radiated into his left leg. He also developed numbness in his left leg and foot. Mr. Jensen testified in a deposition on December 29, 2011, that he was unable to continue working after October of 2011 due to his increased back and leg pain. He stated that he had no prior injuries to his lower back but admitted that he was in a motor vehicle accident in which he injured his upper and mid-back and developed paralysis in his legs for three years. In a letter dated January 4, 2012, John Henderson, M.D., opined that Mr. Jensen's current symptoms were directly related to his compensable injury. Dr. Henderson then testified in a deposition that degenerative disc disease, as seen on Mr. Jensen's 2009 MRI, can progress into Mr. Jensen's current symptoms. He stated that this was likely the cause of his current complaints. Dr. Henderson also stated that he could not determine whether Mr. Jensen's disc bulge was the result of the compensable injury or whether it developed prior to the injury.

The claims administrator denied a request to reopen the claim for temporary total disability benefits on November 11, 2011. The Office of Judges affirmed the decision in its April 30, 2012, Order. It found that Mr. Jensen's testimony that he had no previous lower back problems was not persuasive. He testified in a deposition that he was in a motor vehicle accident in 1997 in which he injured his upper and mid-back. International Coal Group, Inc., argued that emergency room records from February of 2009 noted that Mr. Jensen sustained a lumbar compression fracture from a previous motor vehicle accident that resulted in paralysis in both legs for three years. Mr. Jensen testified that the report was correct.

The Office of Judges concluded that Mr. Jensen was released to return to work in May of 2009 without restrictions. He underwent an independent medical evaluation in August of 2009 in which Dr. Grady diagnosed resolved lumbar strain. At that time, Mr. Jensen had normal lumbar range of motion and no complaints regarding his lower back. The Office of Judges found Mr. Jensen testified that he first noticed numbness and pain radiating into his left leg in September of 2011. Though Dr. Henderson stated in a letter that he felt Mr. Jensen's current back pain was directly related to his compensable injury, he contradicted himself in a deposition in January of 2012. He testified in the deposition that it was possible that Mr. Jensen's October of 2011 complaints were different than his February of 2009 complaints. He further stated that degenerative disc disease was causing Mr. Jensen's current complaints. The Office of Judges found that the claim was held compensable for a lumbar sprain that resolved in 2009. It therefore held that Mr. Jensen's current symptoms were unrelated to his compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 12, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Jensen sustained a compensable lumbar strain which resolved in 2009. His current complaints are unrelated to his compensable injury. He has failed to show that he sustained a progression or aggravation of his compensable injury that would justify reopening the claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum